O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1576 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | MILAS G. CLARK v. RAYTHEON COMPANY, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

  The Court GRANTS Defendant Raytheon Company's Motion for Summary Judgment Or, In the Alternative, for Partial Summary Judgment. In his Complaint, Plaintiff alleges two Fair Employment and Housing Act ("FEHA") claims: (1) Disability discrimination and retaliation in violation of, Cal. Gov. Code §§ 12940(a) and (h); and (2) failure to engage in interactive process and to accommodate his disability in violation of Cal. Gov. Code §§ 12940(n) and (m).

  Plaintiff failed to file an opposition by the deadline of March 23, 2009, despite having been given ample opportunity to do so. The procedural history of the summary judgment proceedings is comprehensively and accurately summarized in Defendant's "Notice of [Plaintiff's] Non-Opposition" filed on April 6, 2009. Rather than file an opposition, on March 31, 2009 Plaintiff filed a "reply" in support of an *ex parte* application to further extend the time for him to respond to the motion. The Court had already denied the *ex parte* application on March 20, 2009. In addition, Plaintiff filed a Notice of Lodging and lodged a CD in support of his "reply."[1] On April 9, 2009, Plaintiff file an *ex parte* application for reconsideration, again seeking additional time to complete discovery and to file an opposition, but he did not provide any new facts that would warrant granting his request. Thus, the Court DENIES Plaintiff's request for additional time, based on the procedural facts set forth in Defendant's April 6, 2009 Notice.

---

  [1]The CD contains audio and video recordings. Plaintiff did not explain their meaning or relevance.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1576 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | MILAS G. CLARK v. RAYTHEON COMPANY, *et al.* | | |

      The Court hereby incorporates by reference all of the Uncontroverted Facts (Nos. 1-90) set forth in Defendant's Statement of Uncontroverted Facts and Conclusions of Law.  Defendant's Uncontroverted Facts are supported by declarations from all of Plaintiff's supervisors who had personal knowledge of the events leading to the termination of Plaintiff's employment, by contemporaneous business records kept by his supervisors, and by the cited excerpts of Plaintiff's deposition testimony.  The Court grants Defendant's Request for Judicial Notice of documents concerning Plaintiff's bankruptcy proceeding and Plaintiff's complaints to administrative agencies.  The Court declines to draw any conclusions based on the bankruptcy.

      Based on Defendant's Uncontroverted Facts, the Court reaches the following conclusions of law:

      1.     The disability discrimination claim within Clark's first cause of action and his second cause of action for failure to accommodate and failure to engage in the interactive process are barred by the one year statute of limitations for commencing a civil action under the Fair Employment and Housing Act.  Cal. Gov. Code § 12965(b).

      2.     The disability discrimination claim within Clark's first cause of action fails on the merits because Raytheon had legitimate, nondiscriminatory reasons for terminating his employment and Clark has not provided any evidence of pretext or unlawful discrimination.

      3.     Clark's second cause of action for failure to accommodate and failure to engage in the interactive process fails on the merits because Raytheon accommodated all of Clark's reasonable requests for accommodation following his heart attack.

      4.     The retaliation claim within Clark's first cause of action fails on the merits because his supervisors were not aware of the discrimination charge that Clark filed with the Department of Fair Employment and Housing when they decided to terminate his employment.

      5.     The retaliation claim within Clark's first cause of action fails on the merits because Raytheon had legitimate, nondiscriminatory reasons for terminating his employment and Clark has not provided any evidence of pretext or unlawful

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1576 AHM (CWx) | Date | April 13, 2009 |
|---|---|---|---|
| Title | MILAS G. CLARK v. RAYTHEON COMPANY, *et al.* | | |

discrimination.
//
//
//

     For these reasons, the Court GRANTS Defendant's motion for summary judgment. Defendant shall file a Proposed Judgment by not later than April 20, 2009.

                                                        :

Initials of Preparer    se